**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CURTIS HOWELL,** | : |
| **Plaintiff** | : CIVIL ACTION NO. 1:05-0562 |
| v. | : (CALDWELL, D.J.) |
| | : (MANNION, M.J.) |
| **KEN SAULEY and ROBERT PATINKA,** | : |
| | : |
| **Defendants** | : |
| | : |

## REPORT AND RECOMMENDATION

Pending before the court is the defendants' unopposed motion for summary judgment. (Doc. No. 26).

### I.   PROCEDURAL HISTORY

On March 21, 2005, the plaintiff a former inmate at the Potter County Jail[1], filed the instant civil rights action pursuant to 42 U.S.C. §1983, in which he challenged the sufficiency of the law library at the facility.  (Doc. No. 1).

On March 28, 2005, the plaintiff filed a motion to amend his complaint which included his proposed amendments.  (Doc. No. 4).

On April 4, 2005, the plaintiff filed the appropriate application to proceed in forma pauperis, (Doc. No. 8), and authorization form, (Doc. No.

---

[1]The plaintiff has since been released from incarceration and is residing at 207 Second Street, Apt. #2, Harrison Valley, Pennsylvania. (See Doc. Nos. 14 & 15).

7).  As a result, a financial administrative order was issued on April 6, 2005. (Doc. No. 9).

By order dated April 11, 2005, the court granted the plaintiff's motion to amend and directed that process issue.  (Doc. No. 10).

On June 13, 2005, counsel entered his appearance on behalf of the defendants, (Doc. No. 18), and filed an answer to the plaintiff's complaint and affirmative defenses, (Doc. No. 19).

A procedural order was issued on June 15, 2005, which directed that all discovery was to be completed by December 12, 2005, and that all dispositive motions were to be filed by January 16, 2006.  (Doc. No. 22).

On June 27, 2005, the defendants filed affidavits with respect to the allegations set forth in the plaintiff's complaint.  (Doc. Nos. 23 & 24). Subsequently, on July 7, 2005, the defendants filed a motion for summary judgment, (Doc. No. 26), along with a statement of material facts, (Doc. No. 27), and a supporting brief, (Doc. No. 28).  As of the date of this report, the plaintiff has failed to file a brief in opposition to the defendants' motion for summary judgment.  Pursuant to L.R. 7.6, the defendants' motion is deemed unopposed.  However, because of the plaintiff's pro se status, the motion will be given a merits review pursuant to Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Supreme Court has stated that:

> ". . . [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. Id. The moving party can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Issues of fact are genuine "only if a reasonably jury, considering the evidence presented, could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988)(citations omitted). Material facts are those which will effect the outcome of the trial under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court may not weigh the evidence nor make credibility determinations. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). In determining whether an issue of material fact exists, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. Id. at 393.

If the moving party meets his initial burden, the opposing party must do more than raise some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. Id.

## III. DISCUSSION

At the time of his complaint, the plaintiff alleges that he was a pre-trial detainee confined at the Potter County Jail. The plaintiff alleges that he attempted to prepare and research a defense in his criminal case at the law library in the facility. According to the plaintiff's complaint, the only legal materials contained in the Potter County Jail law library is Title 18 of the Pennsylvania Crimes Code which, he alleges, is not updated. As a result of

not having adequate legal resources to research his criminal case, the plaintiff alleges that his constitutional rights were violated. (Doc. No. 1).

Based upon the above allegations, the plaintiff requests various forms of injunctive relief relating to the maintenance of the Potter County Jail's law library. (Doc. Nos. 1 & 5).

In an attempt to pierce the allegations set forth in the plaintiff's complaint and show that there is no genuine issue of material fact for trial, the defendants have submitted a statement of material facts supported by affidavits, which indicate that, at all times relevant to the instant action, the plaintiff was held at the Potter County Jail as a pre-trial detainee as a result of his inability to post bail on pending criminal charges. (Doc. No. 27, ¶ 1). During this time, the plaintiff was represented by the Potter county Public Defender's Office on the pending criminal charges. (Doc. No. 27, ¶ 2; Doc. No. 23, ¶ 6). The defendants' materials provide that the Potter County Public Defender's Office is paid by the Potter County Commissioners to provide legal services to indigent individuals charged with criminal misconduct. (Doc. No. 27, ¶ 3; Doc. No. 23, ¶ 8).

Upon arrival at the Potter County Jail, the defendants' materials indicate that the plaintiff was provided with an Inmate Handbook, which advised the plaintiff that he could request a conference with a representative of the Public Defender's Office by filling out a request form. (Doc. No. 27, ¶

5

4; Doc. No. 23; ¶¶ 11-12). During his confinement at the Potter County Jail, the plaintiff failed to fill out a request form to confer with his public defender. (Doc. No. 27, ¶ 5; Doc. No. 23, ¶ 12).

The defendants' materials further provide that the Inmate Handbook contains information with respect to an available grievance procedure in place for use by inmates confined in the facility. (Doc. No. 27, ¶ 6; Doc. No. 23, ¶ 13). According to the defendants' materials, the plaintiff failed to exhaust his administrative remedies by filing a grievance with respect to the facility's law library as provided for in the Inmate Handbook. (Doc. No. 27, ¶ 7; Doc. No. 23, ¶ 14).

Finally, the defendants' materials reflect that the plaintiff was released from custody at the Potter County Jail on May 26, 2005. (Doc. No. 27, ¶ 8; Doc. No. 23, ¶ 5; Doc. No. 14).

In their motion for summary judgment, the defendants initially argue that they are entitled to summary judgment based upon the plaintiff's failure to exhaust his administrative remedies. (Doc. No. 28, pp. 4-7).

The Prison Litigation Reform Act, ("PLRA"), requires prisoners to exhaust administrative remedies before initiating a lawsuit pursuant to 42 U.S.C. §1983. To this extent, the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

>prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Prison conditions" include ". . . the effects of actions by government officials on the lives of persons confined in prison . . ." 18 U.S.C. §3626(g). Civil actions under this provision relate to "the environment in which prisoners live, the physical conditions of that environment, and the nature of the services provided therein." McCray v. Williams, 357 F.Supp.2d 774, 779 (D.Del. 2005)(citing Booth v. Churner, 206 F.3d 289, 291 (3rd Cir. 2000)).

Regardless of the relief requested, compliance with the exhaustion of administrative remedies requirement is mandatory. See Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000). Moreover, the Third Circuit has recognized that there is no futility exception to the exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citing Nyhuis, 204 F.3d at 78). A prisoner must properly exhaust administrative remedies or risk procedural default. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

Based upon the unopposed documentation provided by the defendants, the plaintiff has failed to exhaust his administrative remedies with respect to the claims he now attempts to raise.  Therefore, the defendants' motion for summary judgment should be granted on this basis.

The defendants further argue that they are entitled to summary

judgment because the plaintiff's claims have been mooted by his release from custody.  (Doc. No. 28, p. 12).

With respect to this argument, federal court jurisdiction is limited to the review of "actual cases or controversies."  U.S.Const.art.III, s 2; Weaver v. Wilcox, 650 F.2d 22, 26 (3d Cir. 1981)(citing United States Parole Commission v. Geraghty, 445 U.S. 388, 396-97 (1980); O'Shea v. Littleton, 414 U.S. 488, 493-94 (1974)).  Moreover, the case or controversy must be a continuing one and be "live" at all stages of the proceeding.  Id. (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Roe v. Wade, 410 U.S. 113, 125 (1973)).  As a result, it has long been recognized that where a prisoner is transferred from an institution and is no longer subject to the condition complained of at the time of his complaint, he lacks standing to seek injunctive relief.  See Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000)(citing Weaver v. Wilcox, supra. (citations omitted)).

In this case, since the plaintiff has been released from the Potter County Jail, he lacks standing to seek injunctive relief based upon his claims relating to his confinement at the facility.

## IV.  CONCLUSION

Based upon the foregoing, **IT IS RECOMMENDED THAT:**

the defendants' motion for summary judgment, **(Doc. No. 26)**, be

**GRANTED**.


                              S/ Malachy E. Mannion
                              **MALACHY E. MANNION**
                              **United States Magistrate Judge**

**Date:** January 27, 2006

O:\shared\REPORTS\2005 Reports\05-0562.01.wpd